IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MEHDI ZANDI, | Case No. 3:18-cv-02235-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant.[1] | |

**BECKERMAN, U.S. Magistrate Judge.**

Mehdi Zandi ("Zandi") brings this FTCA action against the United States, alleging a negligence claim related to TSA's handling of his checked luggage. The United States moves to dismiss Zandi's complaint under Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction, or, alternatively, for summary judgment under Fed. R. Civ. P. 56. The Court has jurisdiction over

---

[1] The United States of America ("United States") is the proper defendant in this Federal Tort Claims Act ("FTCA") action. *See Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998) ("Because the United States is the only proper party defendant in an FTCA action, the district court correctly dismissed her complaint as improperly filed against the [United States] Postal Service and [Postmaster General]."). Accordingly, the Court grants the United States' unopposed request to dismiss the United States Transportation Security Administration ("TSA") "as a party to this action and amend the caption to reflect the United States as the sole defendant." (Def.'s Mot. to Dismiss or in the Alt. for Summ. J. ("Def.'s Mot.") at 1 n.1.)

PAGE 1 – OPINION AND ORDER

this matter pursuant to 28 U.S.C. § 1346(b)(1). For the reasons explained below, the Court denies the United States' motion to dismiss and motion for summary judgment.

**BACKGROUND**

In January 2017, Zandi flew from Tehran, Iran, to Los Angeles, California, via Amsterdam and Portland. (Decl. Alison Milne Supp. Def.'s Mot. ("Milne Decl.") Ex. 1, at 2-5.) Zandi checked four pieces of luggage which contained, among other things, artisanal candies, jams, and copperware wrapped in bubble wrap. (Milne Decl. Ex 1, at 2-3.)

Before arriving in Los Angeles, U.S. Customs and Border Protection at the Portland International Airport screened Zandi and his luggage. (Milne Decl. Ex. 1, at 4.) Plaintiff then rechecked his luggage and boarded his connecting flight to Los Angeles. (Milne Decl. Ex. 1, at 4.) Upon arriving in Los Angeles, Zandi discovered that three of his bags were missing. (Milne Decl. Ex. 1, at 5.) A courier agency delivered the missing luggage to Zandi two days later. (Milne Decl. Ex. 1, at 5.)

When Zandi opened his missing luggage, he discovered, among other things, that his copperware, artisanal candies, and jams were damaged. (*See* Milne Decl. Ex. 1, at 8.) In addition, Zandi discovered that one of his missing pieces of luggage had "a TSA Notice of Inspection inside of it," and all of his missing luggage had "TSA tape on the outside[.]" (*See* Milne Decl. Ex. 1, at 6.)

Based on these events, Zandi filed this FTCA action against the United States in December 2018. In his complaint, Zandi alleged that TSA breached its "duty of care by not properly caring for [his] goods, by losing pieces, by improperly re-wrapping them, and by scratching, denting, and puncturing them." (Compl. ¶ 20.) During discovery, Zandi acknowledged that his "luggage was handled by third parties aside from the TSA," and he was "unaware of what the condition of the contents in [his] checked luggage was at any point after

PAGE 2 – OPINION AND ORDER

[he] checked the luggage in Tehran until [he] regained control of [the luggage two days after arriving] in Los Angeles[.]" (Milne Decl. Ex. 1, at 4-6.)

## DISCUSSION

### I. SUBJECT MATTER JURISDICTION

The United States moves to dismiss Zandi's complaint under Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.[2] The United States argues that TSA's repackaging of luggage following a security screening falls within the discretionary function exception to the FTCA, and therefore the Court lacks subject matter jurisdiction. *See generally GATX/Airlog Co. v. United States*, 286 F.3d 1168, 1173 (9th Cir. 2002) ("Where the [discretionary function] exception applies, the court lacks subject matter jurisdiction.").

### A. Applicable Law

"The FTCA waives the government's sovereign immunity for tort claims arising out of negligent conduct of government employees acting within the scope of employment." *Morales v. United States*, 895 F.3d 708, 713 (9th Cir. 2018) (citing 28 U.S.C. § 1346(b)(1)). This waiver under the FTCA "allows the government to be sued 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Id.* (citation omitted). An exception to "this broad waiver of sovereign immunity [is] called the discretionary function exception[.]" *Id.* This exception "provides immunity from suit for '[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or

---

[2] "The matter of subject matter jurisdiction . . . may be raised by the parties at any time pursuant to Fed. R. Civ. P. 12(h)(3)[.]" *Augustine v. United States*, 704 F.2d 1074, 1075 n.3 (9th Cir. 1983).

an employee of the Government, whether or not the discretion involved be abused.'" *Id.* (citation omitted).

The purpose of the discretionary function exception is "to prevent 'judicial second guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort.'" *Morales*, 895 F.3d at 713 (quoting *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 814 (1984)). The United States bears the burden of demonstrating that the discretionary function exception applies in a given case. *Id.* (citing *Prescott v. United States*, 973 F.2d 696, 702 (9th Cir. 1992)).

In *Berkovitz v. United States*, the Supreme Court established a two-step process for determining the applicability of the discretionary function exception. *See* 486 U.S. 531, 536 (1988). The court must "determine first whether the act is 'discretionary in nature,' which necessarily involves an 'element of judgment or choice.'" *Morales*, 895 F.3d at 713 (quoting *United States v. Gaubert*, 499 U.S. 315, 322 (1991)). This "'judgment or choice' requirement is not met where a 'federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow.'" *Id.* (quoting *Berkovitz*, 486 U.S. at 536). To be sure, "'[i]f there is such a statute or policy directing mandatory and specific action, the inquiry comes to an end because there can be no element of discretion when an employee has no rightful option but to adhere to the directive.'" *Id.* (quoting *Terbush v. United States*, 516 F.3d 1125, 1129 (9th Cir. 2008)).

"If discretion is involved, then [the court must] consider whether the discretion 'is of the kind that the discretionary function exception was designed to shield'—namely, 'only governmental actions and decisions based on considerations of public policy.'" *Morales*, 895

F.3d at 713 (quoting *Berkovitz*, 486 U.S. at 536-37). The phrase "public policy" has "been understood to mean considerations 'grounded in social, economic, and political policy.'" *Id.* (quoting *Varig Airlines*, 467 U.S. at 814). "The focus is on whether the actions are 'susceptible to a policy analysis,' not whether the government actually took such public policy [judgments] into consideration when making the decision." *Id.* (quoting *Miller v. United States*, 163 F.3d 591, 593 (9th Cir. 1998)).

      B.      Analysis

The United States argues that the discretionary function exception bars Zandi's negligence claim because "TSA employees necessarily have significant discretion to determine the precise manner in which checked baggage is screened and subsequently re-packaged and such decisions are grounded in consideration of economic and public policy factors." (Def.'s Mot. at 13.) In support of its argument, the United States relies on TSA's Standard Operating Procedure ("SOP"), which provides, *inter alia*, that "TSA should carefully and neatly repack checked baggage that is inspected," but "does not require that [TSA] repack items removed during the inspection process in exactly the same manner in which they originally were packed by the passenger." (Decl. Brent Schwab ("Schwab Decl.") ¶ 12.) TSA does not require "more specific expectations for repacking checked baggage" because it "would result in a diversion of screening personnel's time and attention away from their critical security mission." (Schwab Decl. ¶ 14.)

The Court finds the district court's decision in *Zeng v. United States*, No. 14-cv-3924, 2016 WL 8711090, at *1-7 (E.D.N.Y. Sept. 30, 2016), instructive here because, like this case, it involved negligence claims related to TSA's alleged handling of checked luggage and the United States' argument that the discretionary function exception barred the plaintiff's negligence claims.

PAGE 5 – OPINION AND ORDER

In *Zeng*, the plaintiff traveled from New York to Guangzhou, China, with a layover in Hong Kong. 2016 WL 8711090, at *2. The plaintiff checked an antique object shaped like a dragon. *Id.* The plaintiff packed the dragon inside of boxes and used Styrofoam to secure it. *Id.* When the plaintiff arrived in Guangzhou, he learned that his dragon had not arrived with him to the airport. *Id.* A third party delivered the dragon the next day and the plaintiff discovered that it had been damaged. *Id.* Although the plaintiff did "not know how or where the [dragon] was damaged," he sued the United States and alleged that TSA broke the dragon during inspection. *Id.* The district court construed the plaintiff's complaint as "one sounding in negligence." *Id.*

The United States moved to dismiss the plaintiff's complaint under Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction. *Zeng*, 2016 WL 8711090, at *4. Relying on TSA's SOP, the United States argued that the discretionary function exception barred the plaintiff's negligence claims because TSA's SOP provides, *inter alia*, that a passenger's "baggage should be repacked 'carefully and neatly' but need not be repacked 'in exactly the same manner in which they originally were packed by the passenger.'" *Id.* (citation omitted). The district court "decline[d] to hold that the TSA enjoys a broad protection over all claims concerning 'the manner in which checked baggage is screened and subsequently repackaged.'" *Id.* (citation omitted). The district court explained that the plaintiff appeared to allege that TSA's officers broke the dragon due to their own carelessness or inattentiveness during inspection, which is "not the type of tort that is protected by the [discretionary function exception]." *Id.* The district court added that the plaintiff's negligence theory sounded "more in 'laziness or haste' or 'distract[ion] or inattentive[ness],' than a 'considered judgment grounded in . . . policy.'" *Id.* (quoting *Coulthurst v. United States*, 214 F.3d 106, 109-11 (2d Cir. 2000)). Accordingly, the

district held that the complaint was not subject to dismissal for lack of subject matter jurisdiction. *Id.* at *7.

As in *Zeng*, to determine whether the discretionary function exception bars Zandi's negligence claim, this Court "must assess the *nature* of the allegedly negligent actions, as those are described in the [c]omplaint, to see whether those actions are subject to policy considerations." *Zeng*, 2016 WL 8711090, at *6 (citing *Gaubert*, 499 U.S. at 325, and *Coulthurst*, 214 F.3d at 109); *see also Young v. United States*, 769 F.3d 1047, 1053 (9th Cir. 2014) ("[B]efore turning to *Berkovitz's* two-step inquiry, we must first identify Plaintiffs' 'specific allegations of agency wrongdoing.' To identify the particular agency conduct with which Plaintiffs take issue, we look to the allegations of Plaintiffs' complaint.") (internal citation omitted). In his complaint, Zandi asserts a negligence theory and alleges that TSA did not "properly car[e]" for his property during its inspection. (*See* Compl. ¶¶ 9-20.) Zandi also alleges that several of his items were missing and certain items were scratched, dented, and punctured, which allowed jam and citrus spread to leak throughout Zandi's luggage. (Compl. ¶¶ 9-20.)

Like in *Zeng*, Zandi's allegations suggest that TSA officers damaged and lost his property due to their own carelessness or inattentiveness during inspection. This is "not the type of tort that is protected by the [discretionary function exception]." *Zeng*, 2016 WL 8711090, at *6. Instead, Zandi's negligence theory "sounds more in 'laziness or haste' or 'distract[ion] or inattentive[ness],' than a 'considered judgment grounded in . . . policy.'" *Id.* (citation omitted). Thus, the Court finds that Zandi's negligence claim is not subject to dismissal for lack of subject matter jurisdiction, and the Court denies the United States' motion to dismiss.

///

///

## II. SUMMARY JUDGMENT

### A. Legal Standard

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). On a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party, and draw all reasonable inferences in favor of that party. *Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 891 (9th Cir. 2005). The court does not assess the credibility of witnesses, weigh evidence, or determine the truth of matters in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and internal quotation marks omitted).

### B. Analysis

The United States moves for summary judgment on Zandi's negligence claim, arguing that Zandi has failed to raise a genuine dispute of material fact on the issue of causation.[3] (Def.'s Mot. at 6.) As explained below, the Court finds that Zandi's claim should survive summary judgment.

"[T]he plaintiff in a negligence action must . . . prove an actual causal link between the defendant's conduct and the plaintiff's harm—that is, the plaintiff must prove 'cause in fact.'" *Towe v. Sacagawea, Inc.*, 347 P.3d 766, 775 (Or. 2015) (quoting *Or. Steel Mills, Inc. v. Coopers & Lybrand, LLP*, 83 P.3d 322, 327 (Or. 2004)). According to the Oregon Supreme Court,

---

[3] Oregon law governs the merits of Zandi's negligence claim. *See Green v. United States*, No. 6:17-cv-128-JR, 2017 WL 3699782, at *3 (D. Or. June 28, 2017) ("Plaintiff's negligence action under the FTCA is determined in accordance with Oregon law." (citing 28 U.S.C. § 1346(b)(1))).

"[w]hen the evidence shows two or more equally probable causes of injury, for not all of which the defendant is responsible, no action for negligence can be maintained." *Simpson v. Hillman*, 97 P.2d 527, 529 (Or. 1940). "In other words, negligence cannot be based on conjecture or speculation." *Id.*

Zandi argues that he has raised a genuine dispute of material of fact on the issue of causation because "there is no other possible source of damage that is 'equally probable.'" (Pl.'s Resp. Def.'s Mot. at 3, quoting *Simpson*, 97 P.2d at 529). In support of his causation argument, Zandi notes that (1) his "luggage . . . appeared completely intact and undamaged when [it] passed through customs without any inspection, and then [was] in the possession of the TSA," (2) his "luggage had TSA inspection cards [inside of it] and multiple items wrapped with TSA tape," and (3) "TSA is the only agency tasked with luggage inspection." (Pl.'s Resp. Def.'s Mot. at 3.)

The United States responds that Zandi has failed to raise a genuine dispute of material fact about whether TSA caused the loss of or damage to the items in his luggage, noting Zandi's admissions that (1) during his trip from Tehran to Los Angeles, his "luggage was handled by third parties aside from the TSA," and (2) he is "unaware of what the condition of the contents in [his] checked luggage was at any point after [he] checked the luggage in Tehran until [he] regained control of [the luggage two days after arriving] in Los Angeles[.]" (Milne Decl. Ex. 1, at 4-6.) The United States also submitted a declaration from TSA's lead transportation security officer at Portland International Airport, noting that he does "not recall any significant events occurring during the security screening," he does "not recall any damage to any pieces of baggage or their contents," he "did not record any events in the . . . checked baggage screening area logbook," and "[i]f any damage to a piece of baggage or its contents had occurred, [he]

would have made an entry in the logbook or directed another TSA employee to make an entry." (Decl. John Thomas Harvey ¶¶ 1-9.)

Viewing the evidence in the light most favorable to Zandi and drawing all reasonable inferences in his favor, the Court finds that there is a genuine dispute of material fact as to whether TSA caused the loss of or damage to the items in Zandi's luggage. Although Zandi did not witness the TSA's inspection of his luggage, "'it is well settled that negligence and causation may be proven by circumstantial evidence.'" *Evi v. Wal-Mart Stores, Inc.*, No. 3:14-cv-01467-YY, 2016 WL 5339678, at *3 (D. Or. July 12, 2016) (quoting *Carlson v. May Dep't Stores Co.*, 527 P.2d 252, 253 (Or. 1974)); *see also Trees v. Ordonez*, 311 P.3d 848, 861 (Or. 2013) ("'Circumstantial evidence . . . may provide a basis from which the causal sequence may be inferred.'") (citation omitted); *McDonald v. Sarriugarte*, 124 P.3d 614, 616 (Or. Ct. App. 2005) (holding that the trial court erred in granting summary judgment where a reasonable factfinder could find that circumstantial evidence supported the plaintiff's negligence claim).

The record here includes circumstantial evidence that TSA's inspection caused the loss of or damage to the items in Zandi's luggage. The record reflects that Zandi packed the items in his luggage with bubble wrap, that the bubble wrap was removed from the items, and that TSA had exclusive control over Zandi's luggage during the airport inspection. Although Zandi is unaware of the condition of the contents in his checked luggage after he checked the luggage in Tehran, there is no dispute that TSA inspected the luggage and there is no evidence to suggest that another entity had any reason to (or did) open Zandi's luggage. Based on this record, the Court finds that a reasonable jury could find that TSA caused the damage to the items in Zandi's luggage. The Court therefore denies the United States' motion for summary judgment. *See Thomas v. United States*, No. 1:14-cv-02184, 2016 WL 6902357, at *5 (N.D. Ohio Sept. 26,

2016) (denying the United States' motion for summary judgment on the ground that "there are issues of material fact as to whether TSA agents caused cremains to spill from the urn in Plaintiff's suitcase" and noting that "TSA had exclusive control over [the plaintiff's] checked luggage while it was inspected at Cleveland Hopkins Airport" and "there is no evidence to suggest that another entity had a reason to open the suitcase and handle the urn").

## CONCLUSION

For the reasons stated, the Court DENIES the United States' motion to dismiss for lack of subject matter jurisdiction and DENIES the United States' motion for summary judgment (ECF No. 16). The parties shall notify the Court by December 9, 2019, if they will be prepared to proceed to trial on January 21, 2020.

**IT IS SO ORDERED.**

DATED this 5th day of December, 2019.

_____
STACIE F. BECKERMAN
United States Magistrate Judge